UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST J. PAGELS,

    Plaintiff,

v.                                Case No. 15-cv-1010-pp

UNITED STATES POSTAL SERVICE,

    Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DKT. NO. 12)**

    On August 21, 2015, plaintiff Ernest J. Pagels Jr., who is representing himself, filed a complaint against the United States Postal Service ("USPS"). Dkt. No. 1. The plaintiff appears to make two distinct claims. He alleges that the USPS (1) did not hire him and, instead, "hired Hispanics, African Americans and Women who have never served in the military," which sounds like a reverse discrimination claim, and (2) "put a restraining order on [him] not to enter any U.S. Postal Service [building] for the next three years;" he would like to enter a USPS office without restrictions. Id. at 1. The court construes the complaint as a request that the court enter an order directing the USPS to award the plaintiff a job, and modifying or vacating the state court restraining order. The USPS filed a motion for summary judgment as to both claims. The court will grant the motion.

1

## I. UNDISPUTED FACTS

The plaintiff is a United States Air Force veteran who has served all over the world. Dkt. No. 17. He applied for employment with the USPS, but the USPS did not hire him. Id. The plaintiff also is subject to a restraining order that prevents him from entering a USPS office. Id. In response to the plaintiff's complaint, Jennifer L. Jarvie, an EEOC Data Analyst, searched the USPS's national database of information and formal EEOC complaints of discrimination filed by applicants for employment with the USPS. Dkt. No. 13 at 4, ¶¶2, 5. Her search identified "no record of any discrimination complaints, formal or informal, and no record of any calls to the USPS EEOC Contact Center" relating to the plaintiff. Id. at ¶7. The USPS also attached a certified copy of an "Injunction – Harassment" filed in the case <u>United States Postal Service Lakeland District v. Ernest John Pagels</u>, Case. No. 2015CV006603, along with a copy of the docket sheet in that case. Id. at 5, ¶¶8-9. The docket sheet reflects that the plaintiff did not appeal the entry of that injunction. Id., ¶10.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A court appropriately grants summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." Id. The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (internal quotation marks omitted) (citation omitted). "A party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000).

"Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). The party opposing summary judgment cannot simply rest on allegations or denials in its pleadings; it must also introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial. Anders v. Waste Mgm't of Wisconsin, 463 F.3d 670, 675 (7th Cir. 2006). The court views all facts and draws all reasonable inferences in favor of the nonmoving party, Tanner v. Jupiter Realty Corp., 433 F.3d 913, 915 (7th Cir. 2006), but "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion," Herzog v. Graphic Packaging Int'l, Inc., 742 F.3d 802, 806 (7th Cir. 2014) (quoting Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 473 (7th Cir. 2008)).

### III. DISCUSSION

Based on the undisputed facts, the court must grant the government's motion for summary judgment. First, the court cannot give the plaintiff any

3

relief on his discrimination claim at this time, because there is no evidence that he attempted to resolve his discrimination claim through the government's administrative procedures. In other words, there is no evidence that before filing his lawsuit, the plaintiff filed a claim with the Equal Employment Opportunity Commission. That is a necessary step before a plaintiff can file a discrimination claim in federal court. Second, this court does not have the authority to modify the Milwaukee County Circuit Court's restraining order, so it cannot give him any relief on that claim.

**Reverse Discrimination Claim**

Because Mr. the plaintiff was an applicant for federal employment, he was required to follow Title VII's administrative grievance process before filing a complaint in this court based on his discrimination claim. Brown v. Gen. Servs. Admin., 425 U.S. 820, 831 (1976); Doe v. Oberweis Dairy, 456 F.3d 704, 712-13 (7th Cir. 2006). Title VII authorized the Equal Employment Opportunity Commission to set forth regulations governing the administrative process that an unsuccessful applicant for federal employment must follow before filing a complaint in court. 42 U.S.C. §2000e-16(b).

An applicant for federal employment who believes he "may have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult [an EEOC] Counselor within 45 days of the date the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. §1614.105(a)(1). "The purpose of this section is to allow the government

4

and the employee involved an opportunity to informally resolve the matter before formal action is taken, either through the EEOC or in the courts." Smith v. Potter, 445 F.3d 1000, 1006-07 n. 15 (7th Cir. 2006) (internal citation and quotation omitted).

In this case, the undisputed facts show that the plaintiff filed his complaint before he made either a formal or an informal complaint of discrimination to the EEOC. In response to the USPS's motion, the plaintiff stated that he "thought only the Court's deal with discrimination issues." Dkt. No. 17 at 1. The court does not question the plaintiff's explanation, but unfortunately, the plaintiff's belief was wrong. The law does not relieve him from the requirement that he pursue administrative procedures before filing a complaint in court—even if he didn't understand the requirements of the law. As an unsuccessful applicant for federal employment, the plaintiff must exhaust his administrative remedies before he can file a complaint "against the government for violation of Title VII of the Civil Rights Act of 1964 . . . ." Smith, 445 F.3d at 1007. His failure to exhaust his administrative remedies is not a jurisdictional defect, and he still may be able to raise his claim with the agency. The court will grant the USPS's motion summary judgment as to the reverse discrimination claim, and dismiss that claim without prejudice.

**Restraining Order**

Next, the court addresses the plaintiff's request that this court modify or vacate the restraining order entered by the Milwaukee County Circuit Court in the state court litigation between him and the USPS. This court cannot modify,

5

vacate or reverse that order, because this court must give that order the same effect it would have in a Wisconsin state court.

The Full Faith and Credit Act, 28 U.S.C §1738, requires a federal court to give state court judgments the same preclusive effect that the judgment would have under the law of the state that rendered the judgment. Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 525 (1986). Under Wisconsin law, a final judgment on the merits issued by a court with jurisdiction is preclusive in all later cases between the same parties and the same cause of action. Froebel v. Meyer, 217 F.3d 928, 934 (7th Cir. 2000). The earlier judgment is conclusive as to all issues that were litigated, or which could have been litigated, in the earlier proceeding. Wilhelm v. Cnty. of Milwaukee, 325 F.3d 843, 846–47 (7th Cir. 2003). Wisconsin has adopted a transactional approach to determining whether two suits involve the same cause of action. Parks v. City of Madison, 171 Wis. 2d 730, 735, 492 N.W.2d 365, 368 (Ct. App. 1992) ("Wisconsin has adopted the 'transactional analysis' of the Restatement (Second) of Judgments § 25 cmt. a (1982), as a guide for applying the rule [of res judicata]. Under this analysis, all claims arising out of one transaction or factual situation are treated as being part of a single cause of action"). "[I]f both suits arise from the same transaction, incident or factual situation, *res judicata* generally will bar the second suit." Krison v. Nehls, 767 F.2d 344, 349 (7th Cir. 1985).

The plaintiff and the USPS are the same parties that participated in the Milwaukee County Circuit Court litigation in which the court entered its restraining order against the plaintiff. Dkt. No. 13-1. The state court's

restraining order is a final order on the merits, which the plaintiff could have appealed. Dkt. No. 13-1 at 2. The plaintiff's request that this court modify or vacate the state court's restraining order is based on the same set of facts that led to the USPS's complaint for injunctive relief in the state court. The plaintiff's complaint and subsequent filings explicitly ask this court to grant him relief from that order so that he can enter a USPS office in the Lakeland District. Dkt. No. 1 at 1; Dkt. No. 17 at 1. Because the state court's restraining order would be preclusive in further litigation in the Wisconsin state courts, the Full Faith and Credit Act requires this court to give it the same effect in this case. Therefore, the court must dismiss this claim with prejudice.

For the reasons explained in this order, the court will grant the government's motion for summary judgment.

## IV. CONCLUSION

The court **GRANTS** the defendant's motion for summary judgment (Dkt. No. 12), and **DISMISSES** the plaintiff's complaint in its entirety. The plaintiff's discrimination claim is **DISMISSED WITHOUT PREJUDICE**. The plaintiff's claim related to the state court restraining order is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

7

Case 2:15-cv-01010-PP   Filed 05/27/16   Page 7 of 8   Document 24

excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

Dated in Milwaukee, Wisconsin this 26th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge